UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-cr-0206-SEB-DML-1 |
| | ) | |
| VINCER MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on July 7, 2016, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on August 30, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 30, 2016, defendant Vincer Mitchell appeared in person with his appointed counsel, Joseph Cleary.  The government appeared by Doris Pryor, Assistant United States Attorney and Cynthia Ridgeway, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Shelly McKee, who participated in the proceedings.

---

[1]     All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C.  § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The court advised Mr. Mitchell of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Mitchell questions to ensure that he had the ability to understand the proceedings and his rights.

2.     A copy of the Petition was provided to Mr. Mitchell and his counsel, who informed the court they had reviewed the Petition and that Mr. Mitchell understood the violations alleged.  Mr. Mitchell waived further reading of the Petition.

3.     The court advised Mr. Mitchell of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Mitchell was advised of the rights he would have at a preliminary hearing.  Mr. Mitchell stated that he wished to waive his right to a preliminary hearing.

4.     Mr. Mitchell stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.  Mr. Mitchell executed a written waiver of the preliminary hearing, which the court accepted.

5.     The court advised Mr. Mitchell of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against his unless the court determined that the interests of justice did not require a witness to appear.

6.     Mr. Mitchell, by counsel, stipulated that he committed Violation Numbered  1 and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state or local crime."** |

On June 1, 2016, Mr. Mitchell was arrested by the Indianapolis Metropolitan Police Department (IMPD) for the operating a vehicle while intoxicated endangering a person, operating a vehicle with an BAC of .15 or more, and operating a motor vehicle without ever receiving a license. The case is pending in Marion County Superior Court 12 under Cause Number 49G12-1606-CM-021567. A pretrial conference hearing is set for July 27, 2016.

According to the probable cause affidavit, IMPD responded to a 911 call regarding a possible intoxicated driver. IMPD officers observed a white Sebring automobile sitting in the middle of the intersection. Upon approaching the vehicle, the officer observed the vehicle was running and the transmission was still in drive. The foot of the driver, identified as Mr. Mitchell, was on the brake. He appeared to be asleep. The officer immediately observed the odor of an alcoholic beverage coming from the offender. Mr. Mitchell was asked to stop out of the vehicle, at which time the IMPD officer administered a field sobriety test. He failed the test and was transported to Eskenazi Hospital for a blood draw. On June 2, 2016, Mr. Mitchell was released and ordered to report to Marion County Community Corrections.

| | |
|---|---|
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

As previously reported to the Court, on November 11, 2015, the offender provided a urine specimen which tested positive for marijuana. He admitted smoking the substance.

7.     The court placed Mr. Mitchell under oath and directly inquired of Mr. Mitchell whether he admitted violations 1 and 2 of his supervised release set forth above. Mr. Mitchell admitted the violations as set forth above.

8.     The parties and the USPO further stipulated, and the court finds, that:

(a)     The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b)     Mr. Mitchell's criminal history category is VI.

3

(c)     The range of imprisonment applicable upon revocation of Mr. Mitchell's supervised release, therefore, is 21 -27 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10.     The parties jointly recommended to the court modifications to Mr. Mitchell's conditions of supervised release to include (1) residence at a Residential Reentry Center for a period of up to six (6) months and (2) a restriction that Mr. Mitchell not use or possess alcohol. The parties also jointly requested that Mr. Mitchell be permitted to self-surrender upon designation.   Mr. Mitchell asked for a waiver of subsistence fees while residing at the RRC.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the joint recommendation of the parties and the USPO, **NOW FINDS** that the defendant, VINCER MITCHELL, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** and that, in addition to the mandatory conditions of supervision, the following conditions of supervised release be imposed:

1.  You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2.  You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3.  You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4.  You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5.  You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6.  You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity.  You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7.  You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances

4

of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities).  When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8.  You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9.  You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay.  The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program.  The probation officer shall supervise your participation in the program (provide, location, modality, duration, intensity, etc.).

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner.  You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment.  Testing may include no more than 8 drug tests per month.   You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g. synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

5

**Justification:  The offender has a history of substance and addition.  These conditions will assist the probation officer in monitoring the offender's compliance to abstaining from controlled substances.**

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct.  Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

**Justification:  The offender has a history of a drug use, distribution, and possessing a firearm.  This condition will assist the probation officer in monitoring compliance.**

20. You shall reside in a residential reentry center for a term of up to 180 days.  You shall abide by the rules and regulations of the facility.

**Justification:  This condition will assist the probation officer in monitoring compliance.**

21. You shall not use or possess alcohol.

**Justification:  This condition is prudent based on the offender's recent conviction for operating a vehicle while intoxicated – endangering a person.**

Defendant reviewed the foregoing conditions and they were reviewed by Mr. Mitchell with his attorney.  Defendant, on the record, waived reading of conditions 1 through 18 of supervised release.  Conditions and justifications for conditions 19 through 21 were read on the record.

Defendant Mitchell will be allowed to self-surrender with regard to condition no. 20 upon designation.

The court recommends that subsistence fees be waived for Mr. Mitchell's residence at the Residential Reentry Center.

Counsel for the parties and Mr. Mitchell stipulated in open court to waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Mitchell entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Mitchell's supervised release to include search and seizure, residing at the Residential Reentry Center for a period of up to six (6) months, and abstain from the use or possession of alcohol with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation.   Mr. Mitchell is to self-surrender upon designation.  The court recommends that subsistence fees be waived for Mr. Mitchell's residence at the Residential Reentry Center.  Mr. Mitchell is released and is to follow the terms of supervised release pending designation.

IT IS SO RECOMMENDED.

Date:  September 13, 2016

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

7

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal